UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:18-cv-01252 |
| | ) |
| $5,000.00 UNITED STATES CURRENCY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Debra G. Richards, Assistant United States Attorney, alleges on information and belief as follows:

**NATURE OF THE ACTION**

1. This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Property constitutes proceeds of, or is property used to facilitate a violation of, the Controlled Substance Act.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has in rem jurisdiction over the Defendant Property pursuant to 28 U.S. C. § 1355(b) (forfeiture action can be brought in district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in

the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5. The Defendant is Five Thousand Dollars in United States Currency (hereinafter the "$5,000.00" or the "Defendant Currency") seized by the United States Postal Inspection Service on November 16, 2017, from a package addressed to Rendell Silva, 1360 Club Lane, El Sobrante, CA 94803, bearing a return address of Jeremy Baker, 515 W. 32nd St., Indianapolis, IN 46208. The Defendant Currency was assigned Asset Identification Number: 18-USP-000419.

6. The Defendant Currency was seized at a United States Post Office located in Indianapolis, Indiana, and is now in the custody of the United States Marshals Service ("USMS").

7. On or around November 14, 2017, a package was mailed by Express Mail in a USPS Priority Mail Express Box, weighing 5 pounds, 2.1 ounces, with a parcel number of EL264707684US (the "Parcel" or "Parcel 685US") from a United States Post Office in the 46241 zip code of Indianapolis, Indiana. The parcel had a metered postage in the amount of $67.35 affixed and had a hard-written label. The parcel was addressed to Rendell Silva, 1360 Club Lane, El Sobrante, CA 94803, bearing a return address of Jeremy Baker, 515 W. 32nd St., Indianapolis, IN 46208. No telephone number was provided for Jeremy Baker, nor was one provided for Rendell Silva.

8. On November 14, 2017, during a routine outbound parcel interdiction, USPIS agents identified Parcel 684US as suspicious because it met several characteristics that have been identified as those indicating usage of the United States Mail Service by narcotics traffickers. U.S. Mail is often used by narcotics traffickers to transport controlled substances as well as currency derived from the sale or distribution of controlled substances. Narcotics traffickers know that United States First Class Mail, especially Express and/or Priority Mail, is protected from inspection without a Federal search warrant. Traffickers know that they can track parcels, control dispatch times and locations, and have a guarantee of delivery in one or more business days by using Express and/or Priority Mail. They know that any delay may indicate a compromised parcel. Traffickers will often mail the parcels at different post offices to avoid detection. Narcotics or other contraband traffickers often handwrite labels instead of utilizing pre-printed labels, as is customary with most legitimate businesses utilizing the U.S. Mail.

9. Traffickers will often package the contents in a layered manner in an attempt to avoid detection by trained narcotics sniffing canines. The layered packaging appears to be an attempt to mask or prevent any odors from escaping. Traffickers rarely include any type of instruction with the proceeds. Legitimate businesses or personal gifts contain such notes, letters, receipts, cards or coupons along with the cash or monetary instruments. Narcotics traffickers are known to use low denomination currency to conduct their business. Postal Inspectors have found, in most cases, narcotics payments have been primarily in twenty-dollar denominations. Indeed, there are a plethora of internet websites designed to provide drug traffickers with tips and information to ship drugs and drug proceeds through a shipping service without detection.

10. In this case, Parcel 684US was identified as suspicious as it was being mailed to a state known to be a source for the importation of controlled substances; the package had handwritten address information; and the package did not have a business account number. In addition, no signature was required of the recipient on delivery allowing the anonymity of the receiver. No telephone numbers were provided for either the sender or the receiver, and the package was mailed from a post office ZIP code different that the ZIP code of the return address. Moreover, the metered postage on the parcel was $67.35.

11. When the addressee "Jeremy Baker, 515 W. 32nd St., Indianapolis, IN 46208, was queried in a law enforcement database, the inquiry revealed the address to be a good delivery address; however, the name "Jeremy Baker" did not appear to be associated with the address. The post office responsible for delivery of ZIP Code 46208 advised that while this was a good delivery address, the name of the individual known to receive mail at that address was Daron Griffen.

12. The receiver, Rendell Silva, was associated with the address at 1360 Club Lane, El Sobrante, CA 94803.

13. USPIS Postal Inspectors met with an Indianapolis Metro Drug Task Force Detective and canine handler on November 14, 2017. A canine trained in narcotics detection alerted to the detection of a controlled substances and/or the odor of a controlled substance on Parcel 684US, which had been placed among other parcels.

14. Postal Inspectors applied for a federal search warrant from the Southern District of Indiana to search the Parcel, based upon probable cause.

15. On November 16, 2017, the Court issued a federal search warrant concerning the Parcel. Upon execution of the warrant, Postal Inspectors opened the Parcel and found a black

"Pelican case," red bubble wrap, and seven Snoopy birthday cards inside the Parcel. Concealed inside the black Pelican case was red bubble wrap surrounding a box. Inside the box was a vacuum-sealed bundle of United States Currency consisting of 20 $100 bills, 20 $50 bills, 89 $20 bills, and 22 $10 bills, all totaling $5,000. No notes, receipts, or instructions were included with the parcel.

16. Postal Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds. Legitimate businesses or personal gifts will contain notes, letters, receipts, cards, or coupons included with the cash or monetary instruments. Individuals who regularly handle controlled substances often leave the scent of controlled substances on anything touched. Packaging materials are also often stored in close proximity to the controlled substances, transferring the odor to the packaging materials. Narcotic canines are trained to alert on these substances.

17. Administrative Forfeiture proceedings were initiated by the USPIS on the $5,000 United States Currency. On January 12, 2018, personal notice letters were mailed to Jeremy Baker, Rendell Silva, and Daron Griffen. On January 25, 2018, the USPIS received a "Seized Asset Claim Form" along with a "Petition for Remission or Mitigation of Forfeiture" from Rendell Silva.

18. In his Claim and Petition, Silva claimed that he is the owner of the $5,000, and that the money was being borrowed from a friend to pay off a debt he had with a bank. Further, he stated that he had lent a friend some money a while back and that he does not have a bank account. As he did not want to incur PayPal or any other charges, they decided to mail the money in cash instead. Silva gave his name as "Rendell Santhiago Gomes Silva." He indicated that the name of the sender was "Jeremy Baker" and provided a

telephone number for Jeremy Baker.

19. USPIS Inspectors called the telephone number provided for "Jeremy Baker." Baker answered and spoke freely to Inspectors. He informed them that his real name was Shawn Shivers ("Shivers"), not Jeremy Baker. Shivers admitted that he had used a false name and address to mail the Parcel. He said that he had researched on the internet how to mail the Currency, so he vacuumed-sealed the Currency, put it in a briefcase and then in a couple of boxes. Shivers indicated that he had been sending money to the recipient as a loan. He said that he did not send the money through, for example, Walmart to Walmart, because he was filing for bankruptcy and did not want to show he had any money. He said that he did not have any type of income. Shivers also admitted that he would mail packages for a friend of his as well as his girlfriend at different post offices. Shivers indicated that he had been in touch with the recipient after the Currency had been seized, and that he did not know the recipient had made a claim.

20. A criminal history check revealed that Shivers was convicted of Operating a Vehicle While Intoxicated Endangering a Person, Class A Misdemeanor, in Portage County on November 21, 2006. A related charge for Possession of Marijuana, Class D Felony, was dismissed at that time.

21. No other claims or petitions were received for the Defendant Currency.

22. Upon the filing of Silva's Claim and Petition, the USPIS transmitted the Claim to the United States Attorney for the purpose of initiating a judicial forfeiture action against the Defendant Property.

## PERTINENT STATUTES

23.     Under 21 U.S.C. § 841(a)(1), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

24.     Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States and no property right shall exist in them.

## PRAYER FOR RELIEF

Based on the factual allegations set forth above, there is probable cause to believe that the defendant currency is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States for disposition

according to law; and that the United States be granted any relief this Court may deem just and proper.

                        Respectfully submitted,

                        JOSH J. MINKLER
                        United States Attorney

By:   *s/ Debra G. Richards*
       Debra G. Richards
       Assistant United States Attorney
       Office of the United States Attorney
       10 W. Market St., Suite 2100
       Indianapolis, Indiana 46204-3048
       Telephone: (317) 226-6333
       Fax: (317) 226-5027

## VERIFICATION

I, DeMarkus Calhoun, hereby verify and declare under penalty of perjury that I am a U.S. Postal Inspector for the U.S. Postal Inspection Service ("USPIS"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a U.S. Postal Inspector with the USPIS.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: April 19, 2018

DeMarkus Calhoun
U.S. Postal Inspection Service

9

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane / ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability / ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability / ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| | ❏ 350 Motor Vehicle / ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability / ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury / ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | ❏ 362 Personal Injury - Medical Malpractice / ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights / **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting / ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment / ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations / ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment / ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - Other / **Other:** / ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education / ❏ 550 Civil Rights | | | |
| | ❏ 555 Prison Condition | | | |
| | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:18-cv-01252 |
| ) | |
| $5,000.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**WARRANT FOR ARREST OF PROPERTY**

TO:   ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 25th day of April, 2018, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against five thousand dollars in United States Currency ("$5,000.00"), defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant currency into the possession of the United States of America for the Southern District of Indiana, to be detained in the possession of the United States until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

                                                                                                     _____
                                                                                                     Laura A. Briggs, Clerk
                                                                                                     United States District Court
                                                                                                     Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.